IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA SIMMONS,<br><br>      Plaintiff,<br><br>vs.<br><br>M AND J TRUCKING, INC., DJS EXPRESS, LLC, and STANDAGE TRUCKING, INC.,<br><br>      Defendants. | 8:22CV25<br><br>FINDINGS AND RECOMMENDATION AND ORDER |

This matter is before the Court on Plaintiff's Amended Motion to Remand to the District Court of Deuel County (Filing No. 19). Plaintiff seeks remand because the removing defendant, Standage Trucking, Inc. ("Standage"), violated the forum-defendant rule. See 28 U.S.C. § 1441(b)(2). Standage opposes remand, arguing it was fraudulently joined as a defendant. (Filing No. 24). Standage separately filed a motion for sanctions (Filing No. 26), asking for an award of costs, attorney fees, and dismissal of Plaintiff's claim against it as a sanction under Rule 11 of the Federal Rules of Civil Procedure for Plaintiff's fraudulent joinder of Standage "purely for purposes of legal strategy against the unserved Defendants." (Filing No. 24). For the following reasons, the undersigned magistrate judge will recommend that this case be remanded and denies Standage's motion for sanctions.

BACKGROUND

Plaintiff filed this negligence action in the District Court of Deuel County, Nebraska on December 21, 2021, against defendants M and J Trucking, Inc. ("M and J"), DJS Express, LLC ("DJS"), and Standage for their alleged roles in a multi-vehicle traffic accident that occurred on August 19, 2021, on Interstate 80, severely injuring Plaintiff. (Filing No. 2-1). According to Plaintiff's Complaint, the accident took place around 10:00 p.m. shortly after heavy rainfall in a two-lane construction zone on Interstate 80. At the time, an M and J tractor-trailer was headed westbound, a DJS tractor-trailer was heading westbound behind M and J, and Plaintiff was a passenger in a tractor-trailer behind the DJS tractor-trailer. Plaintiff alleges the accident occurred when the M and J tractor-trailer drifted off the roadway, overcorrected, and struck a Standage tractor-trailer that was heading eastbound. The M and J trailer then rolled onto its side and blocked

both lanes of traffic. According to Plaintiff, the driver of the DJS trailer was unable to stop and directed his vehicle into the grass median to the north. The driver of Plaintiff's trailer was also unable to stop and directed his vehicle into the grass median to the north, colling with the DJS trailer. (Filing No. 2-1 at pp. 2-3).

Plaintiff's Complaint contains separate claims for negligence against M and J, DJS, and Standage. As to Plaintiff's claim against Standage, Plaintiff alleges Standage's driver "had a duty not to operate the respective tractor-trailer while his ability or alertness was so impaired—or so likely to become impaired—through fatigue, or any other cause, that it was unsafe for them to begin or continue to operate the commercial motor vehicle," and that Standage's driver "failed to exercise reasonable care" in the operation of the Standage trailer by failing to keep a careful lookout; failing to maintain an awareness of the location of vehicles around him; failing to avoid the collision with the M and J tractor-trailer; permitting the tractor-trailer to collide with another motor vehicle; failing to maintain an awareness of maneuvers available to him in the event of an emergency; failing to respond appropriately to a collision; using improper, deficient, inadequate or unsafe equipment; operating a vehicle in an unsafe condition; failing to conduct a proper pre-trip inspection; and failing to respond properly to inadequacies or deficiencies identified in a pre-trip inspection. Plaintiff further alleges Standage's driver "was negligent in violating particular Federal Motor Carrier Safety Regulations" and that Standage negligently hired and trained the driver. (Filing No. 2-1 at pp. 21-24). Plaintiff seeks over $240,000 in medical expenses, as well as damages for permanent injury and disfigurement, past and future wages, lost future earning capacity, physical and mental pain and suffering, among other damages. (Filing No. 2-1 at p. 27).

Standage was served with the Complaint on December 23, 2021. (Filing No. 2-4). On January 21, 2022, Standage filed a Notice of Removal (Filing No. 1) and Supplement to the Notice of Removal (Filing No. 2), solely invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. Standage's Notice of Removal states complete diversity exists among the parties because Standage is a Nebraska corporation, Plaintiff is a citizen of North Carolina, M and J is a California corporation, and upon information and belief, all the members of DJS are Wyoming citizens. And, Plaintiff's Complaint seeks over $240,000 in medical costs alone, so the amount in controversy exceeds $75,000. (Filing No. 2-1 at p. 1). At the time of removal, neither DJS nor M and J had been served. Standage filed an answer to the Complaint on January 28, 2022. (Filing No. 8).

On February 18, 2022, Plaintiff filed the instant motion to remand, arguing that the forum defendant rule prevents removal in this case because Standage is a Nebraska corporation and was validly joined as a defendant. (Filing No. 19 at pp. 2-4). In Standage's brief opposing remand, Standage argues it was fraudulently joined by Plaintiff because the circumstances of the accident and the allegations in Plaintiff's complaint reflect she does not have a valid claim against Standage. (Filing No. 24 at pp. 4-8). Standage also argues that it was joined as a defendant solely as strategic ploy to prevent removal by the other defendants, and therefore requests that the Court sanction Plaintiff by dismissing the claim against Standage with prejudice and award attorney's fees and costs to Standage. (Filing No. 24 at pp. 8-9).

## ANALYSIS

Defendants sued in state court have a "right to remove the suit to federal district court if the civil action is one 'of which the district courts . . . have original jurisdiction.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (quoting 28 U.S.C. § 1441(a)). "A defendant's removal of a case to federal court is appropriate 'only if the action originally could have been filed there.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)). "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Here, Standage was served on December 23, 2021, and timely filed a Notice of Removal on January 21, 2022, solely invoking this court's diversity jurisdiction under § 1332(a). (Filing No. 1; Filing No. 2). The face of the Complaint and Notice of Removal establish that this court has original jurisdiction because Plaintiff's seeks well over $75,000 in damages and complete diversity exists between the parties, as Plaintiff is a citizen of North Carolina; Standage is a Nebraska corporation; M and J is a California corporation; and, upon information and belief, all members of DJS are Wyoming citizens. See *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) (stating the citizenship of an LLC is the same as that of its members); see also *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted) (noting a federal court's jurisdiction is measured "at the time of removal").

However, when an action is "removable solely on the basis" of diversity jurisdiction under § 1332(a), the so-called "forum-defendant rule" codified in § 1441(b)(2) prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Holbein*, 983 F.3d at 1053 (quoting 28 U.S.C. § 1441(b)(2)). The forum defendant rule "exists to 'preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice.'" *Id.* at 1055 (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000)). Violation of the forum-defendant rule is a nonjurisdictional defect in removal that a plaintiff must raise in a motion to remand "made within 30 days after the filing of the notice of removal." See *Holbein*, 983 F.3d at 1053; 28 U.S.C. § 1447(c).

As required by § 1447(c), Plaintiff filed the instant motion to remand on February 18, 2022, (within 30-days after Standage filed the notice of removal), seeking remand for Standage's clear violation of the forum-defendant rule. (Filing No. 19). In response to Plaintiff's motion to remand, Standage raises for the first time the argument that it was fraudulently joined as a defendant such that its citizenship should be disregarded so as not to defeat removal. (Filing No. 24). Standage asserts Plaintiff's Complaint "is void of any factual allegation of negligent conduct on the part of Standage," and that although the Complaint "lays out the boilerplate elements of a negligence cause of against Standage, that is not enough to plausibly state a claim." (Filing No. 24 at p. 1). If a forum defendant is fraudulently joined, § 1441(b)(2) does not prohibit removal. See *Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017) (finding that "because the [forum] defendants were fraudulently joined, the forum-defendant rule, 28 U.S.C. § 1441(b)(2), did not prohibit removal.").

As an initial matter, some courts have concluded that a defendant is precluded from raising the issue of fraudulent joinder for the first time in response to a motion to remand after the 30-day period for amending the notice of removal expires. See, e.g., *Robinson v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:18CV00252 ACL, 2019 WL 952100, at *2 (E.D. Mo. Feb. 27, 2019) (finding the defendant's fraudulent joinder allegation was untimely as it was not raised in its notice of removal and the time to amend the notice of removal had expired); *Gould v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:18-CV-00193-JAG, 2018 WL 3493076, at *2 (E.D. Va. July 20, 2018) ("When a defendant raises fraudulent joinder in response to a motion to remand, rather than in the notice of removal, the belated allegation of fraudulent joinder d[oes] not provide a basis for federal jurisdiction.") (citation and internal quotation marks omitted); see also *Prather v. Kindred Hosp.*, 14-0828-CV-

4

W-FJG, 2014 WL 7238089, at *1 (W.D. Mo. Dec. 17, 2014) (declining to consider fraudulent joinder as ground for removal when defendant removed on the basis of diversity and the thirty-day period to amend notice of removal had expired). This is so because § 1446(a) requires a notice of removal to contain "a short and plain statement of the grounds for removal," but § 1441(b)(2) provides that a diversity action "may not be removed" if any properly joined defendant is "a citizen of the State in which such action is brought." As such, if a notice of removal does not contain an assertion that the forum defendant was fraudulently joined, the notice of removal on its face demonstrates the action "may not be removed" because an apparently properly joined defendant is a citizen of the state in which the action was brought. See 28 U.S.C. § 1441(b)(2).

In this case, Standage is arguably precluded from belatedly raising its fraudulent joinder argument. Standage did not assert it was fraudulently joined in its notice of removal, and the time to amend its notice of removal has expired.[1] In fact, Standage first asserted it was fraudulently joined in its brief opposing remand filed on March 3, 2022. (Filing No. 24). Thus, Standage's notice of removal on its face demonstrates the action "may not be removed" because Standage represented it was a Nebraska corporation that apparently was properly served and joined as a defendant, since the notice of removal did not allege Standage was improperly joined as defendant. See 28 U.S.C. § 1441(b)(2).[2]

Nevertheless, even if Standage is not precluded from raising fraudulent joinder for the first time in its brief opposing Plaintiff's motion to remand, the Court finds Standage's argument also fails on its merits. "A defendant alleging fraudulent joinder must prove that the plaintiff's claim against the forum defendant has 'no reasonable basis in fact and law.'" *Halsey v. Townsend Corp. of Indiana*, 20 F.4th 1222, 1226 (8th Cir. 2021) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Id.* (quoting *Filla*, 336 F.3d at 810). "[I]f it is clear under governing state law that the complaint does not state a cause of action against the [forum] defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Henson*

---

[1] And, despite Standage's assertion that the Complaint does not plausibly state a claim against it, Standage did not file a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim raising that argument. Instead, Standage filed an Answer on January 28, 2022, which also does not contain an assertion it was fraudulently joined as a defendant. (Filing No. 8).

[2] After *Holbein*, Standage's notice of removal plainly shows removal was statutorily defective rather than jurisdictionally defective. See *Holbein*, 983 F.3d at 1053.

5

*v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1079 (8th Cir. 2021) (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977)). "However, if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* (quoting *Filla*, 336 F.3d at 810) (emphasis in original). In this analysis, the court does not "focus on the artfulness of the plaintiff's pleadings" and the defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citing *Junk*, 628 F.3d at 445; *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007)).

After review of Plaintiff's Complaint, the Court cannot say Plaintiff's claims against Standage have "no reasonable basis in fact and law" such that it can conclude Standage has been fraudulently joined as a defendant. As alleged in Plaintiff's Complaint, Standage was involved in the multi-vehicle accident that caused Plaintiff's injuries. Although Plaintiff's Complaint alleges the Standage trailer was struck by the M and J trailer, Plaintiff's Complaint also alleges Standage's driver "failed to exercise reasonable care" in the operation of the Standage trailer by failing to keep a careful lookout; failing to maintain an awareness of the location of vehicles around him; failing to avoid the collision with the M and J tractor-trailer; failing to maintain an awareness of maneuvers available to him in the event of an emergency; failing to respond appropriately to a collision; using improper, deficient, inadequate or unsafe equipment; operating a vehicle in an unsafe condition; failing to conduct a proper pre-trip inspection; and failing to respond properly to inadequacies or deficiencies identified in a pre-trip inspection. Under Nebraska law, "[t]he driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving even though he is rightfully on the highway and has the right-of-way." *Mantz v. Cont'l W. Ins. Co.*, 422 N.W.2d 797, 802 (Neb. 1988). And, "[a]s a general rule, a motorist's failure to look, when looking would have been effective in avoiding a collision, is negligence as a matter of law." *Malolepszy v. State*, 729 N.W.2d 669, 676 (Neb. 2007). Standage is correct that Plaintiff's Complaint contains boilerplate conclusions of law against it. But, while Plaintiff's claims against Standage may not have survived a Rule 12(b)(6) motion, Standage must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion"—whether Plaintiff's Complaint artfully stated a claim is not the issue before the Court. See *Filla*, 336 F.3d at 811. Rather, the issue is whether Standage *might* be liable under Nebraska law. See *Halsey*, 20 F.4th at 1226. Based on the record before the Court and the facts alleged by Plaintiff, the Court cannot say it is *clear* Nebraska law

6

would not impose any liability upon Standage. As such, the Court finds Standage has not met its burden to show it was fraudulently joined to this action. Accordingly, Standage is a properly joined forum-defendant that was prohibited from removing this action, and the undersigned magistrate judge will therefore recommend that Plaintiff's motion to remand be granted. See 28 U.S.C. § 1441(b)(2).

Standage has also filed a motion for sanctions under Fed. R. Civ. P. 11(c)(2), contending Plaintiff's negligence claims against Standage are frivolous and were made to "blatantly us[e] Standage as part of a legal strategy to frustrate the unserved Defendants' ability to remove the case to federal court." (Filing No. 24 at p. 9). Rule 11 requires all parties who file pleadings, motions and other papers in federal court to ensure "that to the best of the person's knowledge [. . .] formed after an inquiry reasonable under the circumstances," that the claims and arguments presented "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law," that the "allegations and other factual contentions have evidentiary support," and that the filing was not made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). "[T]he standard under Rule 11 is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1010 (8th Cir. 2006) (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)). The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct. *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994).

Standage's motion for sanctions will be denied for two reasons. First, Standage's motion is procedurally deficient. Standage did not serve Plaintiff with a copy of its motion 21-days before filing it, as required by the Rule. See Fed. R. Civ. P. 11(c)(2) (providing that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21-days after service or within another time the court sets."); see also *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003) (finding Rule 11 sanctions were procedurally deficient where the moving party did not serve the opposing party "with a copy of its proposed Rule 11 motion . . . twenty-one days prior to [the moving party's] filing of a motion with the court."). Second, as discussed above, the Court finds that Standage was not fraudulently joined as a defendant. Plaintiff's claims against Standage, although perhaps inartfully pled and unlikely to succeed on their merits, certainly do not come

7

anywhere near the required threshold to showing they were made for any improper purpose or with any intentional or reckless disregard of the attorney's duties to the court. Therefore, an award of sanctions against Plaintiff is completely unwarranted.

Upon consideration,

**IT HEREBY IS RECOMMENDED** to the Honorable Brian C. Buescher, United States District Judge, that Plaintiff's Amended Motion to Remand ([Filing No. 19](#)) be granted, and that this case be remanded to the District Court of Deuel County, Nebraska.

**IT IS ORDERED** that Standage Trucking, Inc.'s Motion for Sanctions ([Filing No. 26](#)) is denied.

Dated this 5th day of April, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

### ADMONITION

A party may object to a magistrate judge's findings and recommendation and order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation and order. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.